UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MARIA ADAMES,

    Petitioner,

-vs-                                            Case No. 6:10-cv-1066-Orl-28GJK
                                            (Criminal Case No.: 6:07-cr-107-Orl-28GJK)

UNITED STATES OF AMERICA,

    Respondent.

_____/

## ORDER

This case is before the Court on the second amended motion to vacate, set aside, or correct an illegal sentence filed by Maria Adames pursuant to 28 U.S.C. § 2255 (Doc. No. 12). The Government filed a response (Doc. No. 14) to the second amended section 2255 motion in compliance with this Court's instructions and with the *Rules Governing Section 2255 Proceedings for the United States District Courts*. However, the Government will be required to file a supplemental response as discussed below.

Petitioner alleges three claims for relief in her motion: first, trial counsel was ineffective for failing to pursue a plea agreement; second, trial counsel was ineffective for failing "to challenge the Government witness about [the] quantity of drugs in five packages"; and third, trial counsel failed to challenge the miscalculation of the Sentencing Guidelines."

> The Government's discussion of claim two, in its entirety, is as follows:
>
> Petitioner's second claim that her counsel was ineffective in not challenging the amount of cocaine in five packages, is not supported by the facts. The transcript of the trial and sentencing hearing demonstrates that her counsel did, in fact, challenge the amount of cocaine in separate parcels. The Petitioner admitted that she and her live-in boyfriend received multiple parcels of cocaine over a period of several months, and taken together with the Postal evidence about the actual weight of the parcels shipped to Petitioner or which she admittedly possessed, and the one to three kilograms of cocaine normally placed inside each parcel mailed from Puerto Rico, the Court made a reasonable and conservative finding of at least fifteen kilograms.

(Doc. No. 14, Government's Response at 12.) The Government fails to provide any record citations to the "transcript of the trial and sentencing hearing" and to provide any type of analysis of the claim under *Strickland*. The Government must provide specific citations to those portions of the trial and sentencing transcripts supporting its assertion that "counsel did, in fact, challenge the amount of cocaine in separate parcels," that Petitioner "admitted that she and her live-in boyfriend received multiple parcels of cocaine over a period of several months," that there was "postal evidence" as to the weight of the parcels shipped to Petitioner, and that there was normally one to three kilograms of cocaine normally placed in each parcel mailed from Puerto Rico. The Government should also provide a more detailed analysis of the claim under *Strickland*.

In claim three, Petitioner makes several arguments in support of her assertion that the Court "miscalculated' the Sentencing Guidelines. The Government provides a cursory response to this claim without delving into the specifics of each argument raised by Petitioner. The Government should provide a more thorough discussion of this claim,

addressing each of Petitioner's arguments and providing an analysis of the claim under *Strickland*. In addition, the Government did not provide any record citations to the sentencing transcript or presentence investigation report when discussing this claim.

Consequently, the Government must file a supplemental response, which should fully and thoroughly address claims two and three as discussed above. It is not necessary for the Government to again set forth the legal standard for analyzing ineffective assistance of counsel claims; however, the Government should apply the applicable law when discussing these claims. The Government should ensure that record citations are provided.

Accordingly, it is **ORDERED** that, within twenty-one days from the date of this Order, the Government shall file a supplemental response to claims two and three of Petitioner's second amended section 2255 motion, addressing the matters discussed above.

**DONE AND ORDERED** in Chambers at Orlando, Florida this 9 day of August, 2011.

JOHN ANTOON II
UNITED STATES DISTRICT JUDGE

Copies to:
OrlP-2 8/2
Maria Adames
Counsel of Record

3